IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:  §<br>§<br>Garden Oaks Maintenance §<br>Organization, Inc., §<br>    Debtor §<br>§ | Case No. 18-60018-H2-11 |
| §<br>THE OFFICIAL COMMITTEE OF §<br>UNSECURED CREDITORS OF §<br>GARDEN OAKS MAINTENANCE §<br>ORGANIZATION, INC., §<br>§<br>    Plaintiff §<br>§<br>v. §<br>§<br>GARDEN OAKS MAINTENANCE §<br>ORGANIZATION, INC., §<br>§<br>    Defendant § | Adversary No. 18-03173 |

## ANSWER

**COMES NOW**, Garden Oaks Maintenance Organization, Inc., ("Defendant" or "Debtor"), and files its *Answer*.

1. Defendant would refer to the identified document regarding the content of the document, and denies the remaining factual allegations contained in paragraph 1 of *Adversary Complaint For Declaratory Judgment And Permanent Injunction* (the "Complaint")

2.     Defendant admits that Transfer Fees have continued to be collected and deposited post-petition, and denies the remaining factual allegations contained in paragraph 2 of the Complaint.

3.     Defendant denies that it spends $5,060.00 per month on "Professional & Services" as that amount is only the disclosed/budgeted estimate and the Committee is aware of that, admits that the "information" the Committee has that the budgeted line item is for professionals to enforce deed restriction is correct as the "information" was provided to the Committee by the Defendant prior to the filing of the Complaint, and denies the remaining factual allegations contained in paragraph 3 of the Complaint.

4.     Defendant is unable to admit or deny the intentions of the Committee, and denies the remaining factual allegations contained in paragraph 4 of the Complaint.

5.     Defendant admits that this is a core proceeding, that venue is proper and consents to the entry of final judgments and orders by this court.

6.     Defendant denies that all members were appointed pursuant to 11 U.S.C. §1102 as most members are ineligible to serve, and admits the remaining factual allegations contained in paragraph 8 of the Complaint.

7.     Defendant admits the factual allegations contained in paragraph 9 of the Complaint.

8.     Defendant admits the factual allegations contained in paragraph 10 of the Complaint.

9.     Defendant admits the factual allegations contained in paragraph 11 of the Complaint.

10.    Defendant admits the factual allegations contained in paragraph 12 of the Complaint.

11. Defendant denies that it demanded any payment as it was only enforcing deed restrictions – restrictions that require the payment of the transfer fee, and admits the remaining factual allegations contained in paragraph 13 of the Complaint.

12. Defendant admits the factual allegations contained in paragraph 14 of the Complaint.

13. Defendant denies the factual allegations contained in paragraph 15 of the Complaint.

14. Defendant admits the factual allegations contained in paragraph 16 of the Complaint.

15. Defendant admits the factual allegations contained in paragraph 17 of the Complaint.

16. Defendant admits the factual allegations contained in paragraph 18 of the Complaint.

17. Defendant would refer to the published opinion of the appellate court regarding the contents of its opinion, and denies the remaining factual allegations contained in paragraph 19 of the Complaint.

18. Defendant admits that the findings of the appellate court are strictly limited to the facts and the parties to the opinion, and denies the remaining factual allegations contained in paragraph 20 of the Complaint.

19. Defendant is unable to determine who or what is quoted in paragraph 21, however it would have to refer to that document or entity regarding the statements attributable thereto, and denies the remaining factual allegations contained in paragraph 21 of the Complaint.

20. Defendant refers to the appellate court's opinion regarding the contents or findings contained in the opinion, and denies the remaining factual allegations contained in paragraph 22 of the Complaint.

21.     Defendant denies the characterizations, and admits the remaining factual allegations contained in paragraph 23 of the Complaint.

22.     Defendant admits the factual allegations contained in paragraph 24 of the Complaint.

23.     Defendant is unable to admit or deny the alleged date of denial, and admits the remaining factual allegations contained in paragraph 25 of the Complaint.

24.     Defendant admits the factual allegations contained in paragraph 26 of the Complaint.

25.     Defendant refers to the document located at Docket #20 regarding allegations of the content of Docket #20, and admits the remaining factual allegations contained in paragraph 27 of the Complaint.

26.     Defendant refers to the "Operating Budget Motion" regarding the contents of that document, and admits the remaining factual allegations contained in paragraph 28 of the Complaint.

27.     Defendant admits the factual allegations contained in paragraph 29 of the Complaint.

28.     Defendant denies the factual allegations contained in paragraph 30 of the Complaint.

29.     Defendant admits the factual allegations contained in paragraph 31 of the Complaint.

30.     Defendant denies the factual allegations contained in paragraph 32 of the Complaint.

31.     Defendant refers to the opinion issued by the Court of Appeals regarding the content of the opinion, and denies the remaining factual allegations contained in paragraph 33 of the Complaint.

32. Defendant refers to 204.010 of the Texas Property Code regarding allegations of the content of that statute, and denies the remaining factual allegations contained in paragraph 34 of the Complaint.

33. Defendant refers to its website and Docket #6 regarding the content of those documents, and denies the remaining factual allegations contained in paragraph 35 of the Complaint.

34. Defendant admits the factual allegations contained in paragraph 36 of the Complaint.

35. Defendant denies the factual allegations contained in paragraph 37 of the Complaint.

36. Paragraph 38 of the Complaint does not contain factual allegations that require a response.

37. Paragraph 39 of the Complaint does not contain factual allegations that require a response.

38. Defendant refers to its Schedules regarding allegations of the content of the Schedules, and admits the remaining factual allegations contained in paragraph 40 of the Complaint.

39. Defendant refers to its Schedules regarding allegations of the content of the Schedules, and admits the remaining factual allegations contained in paragraph 41 of the Complaint.

40. Defendant admits the factual allegations contained in paragraph 42 of the Complaint.

41. Defendant is unable to admit or deny the beliefs of the Committee as alleged in paragraph 43 of the Complaint.

42. Paragraph 44 of the Complaint does not contain factual allegations that require a response.

43. Defendant denies the factual allegations contained in paragraph 45 of the Complaint.

44. Defendant denies the factual allegations contained in paragraph 46 of the Complaint.

45. Defendant admits that it continues to collect fees required by the deed restrictions, and denies the remaining factual allegations contained in paragraph 47 of the Complaint.

46. Defendant denies the factual allegations contained in paragraph 48 of the Complaint.

47. Paragraph 49 of the Complaint does not contain factual allegations that require a response.

48. Paragraph 50 of the Complaint does not contain factual allegations that require a response.

49. Defendant is unable to admit or deny the beliefs of the Committee, and denies the remaining factual allegations contained in paragraph 51 of the Complaint.

50. Defendant is unable to admit or deny the speculation of the Committee contained in paragraph 52 of the Complaint.

51. Defendant denies the factual allegations contained in paragraph 53 of the Complaint.

52. Defendant denies the factual allegations contained in paragraph 54 of the Complaint.

53. Defendant denies the factual allegations contained in paragraph 55 of the Complaint.

54. Defendant denies the factual allegations contained in paragraph 56 of the Complaint.

55. Paragraph 57 of the Complaint does not contain factual allegations that require a response.

56. Paragraph 58 of the Complaint does not contain factual allegations that require a response.

57. Defendant denies the factual allegations contained in paragraph 59 of the Complaint.

58. Defendant denies the factual allegations contained in paragraph 60 of the Complaint.

59. Defendant refers to the identified Motion regarding allegations of the content of the Motion, and denies the remaining factual allegations contained in paragraph 61 of the Complaint.

60. Defendant is unable to admit or deny the beliefs of the Committee, and admits the remaining factual allegations contained in paragraph 62 of the Complaint because this information was provided to the Committee prior to the filing of the Complaint.

61. Defendant admits the factual allegations contained in paragraph 63 of the Complaint.

62. Defendant denies the factual allegations contained in paragraph 64 of the Complaint.

63. Defendant denies the factual allegations contained in paragraph 65 of the Complaint.

64. Defendant denies the factual allegations contained in paragraph 66 of the Complaint.

65. Paragraph 67 of the Complaint does not contain factual allegations that require a response.

AFFIRMATIVE DEFENSES

66. The Committee lacks standing to pursue the claims contained in the Complaint.

67. The claims brought by the Committee are barred by limitations.

## PRAYER

For these reasons, Defendant asks the Court to enter judgment that the Plaintiff take nothing, dismiss the Plaintiff's suit with prejudice, assess costs against Plaintiffs, and award Defendant the requested relief and all other relief, at law or in equity, the Court deems appropriate.

Dated: August 2, 2018.

                                        Respectfully submitted,

                                        By: */s/ Johnie Patterson*
                                             Johnie Patterson
                                             State ID# 15601700
                                  ATTORNEY FOR DEFENDANT

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX  77208
713.956.5577
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct coy of the foregoing was served by electronic transmission to Charles Rubio by electronic transmission on August 2, 2018.

                                        */s/ Johnie Patterson*
                                        Johnie Patterson