IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **Garden Oaks Maintenance** § | Case No. 18-60018-H2-11 | |
| **Organization, Inc.,** § | | |
|     **Debtor** § | | |
| § | | |
| § | | |
| **THE OFFICIAL COMMITTEE OF** § | | |
| **UNSECURED CREDITORS OF** § | | |
| **GARDEN OAKS MAINTENANCE** § | | |
| **ORGANIZATION, INC.,** § | Adversary No. 18-03173 | |
| § | | |
|     **Plaintiff** § | | |
| § | | |
| **v.** § | | |
| § | | |
| **GARDEN OAKS MAINTENANCE** § | | |
| **ORGANIZATION, INC.,** § | | |
| § | | |
|     **Defendant** § | | |

## RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

**COMES NOW**, Garden Oaks Maintenance Organization, Inc., ("Defendant" or "Debtor"), and files its *Response To Motion For Preliminary Injunction*.

SUMMARY RESPONSE

1. To obtain a preliminary injunction, a plaintiff must establish:

    a. a substantial likelihood of success on the merits,

    b. a substantial threat of irreparable injury if the injunction is not issued,

1

  c. that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and

  d. that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

  2. "A preliminary injunction is an `extraordinary remedy' and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (internal quotation marks and citation omitted).

  3. The Committee cannot carry their burden on any of the elements, however the Debtor will focus its summary reply on a *substantial likelihood of success on the merits*.

  a. First, as a Committee formed pursuant to 11 U.S.C. § 1102, and empowered pursuant to 11 U.S.C. § 1103, it has no power/standing to commence this litigation in its own name, *i.e.*, who do they represent as a committee, and what claims do they have as committee?[1]

  b. In addition, the Committee has no authority to interfere with the Debtor's day-to-day business decisions. *In re UNR Industries, Inc.*, 30 B.R. 609, 612 (Bankr. N.D.Il. 1982) ("The cases and statutory language evidence a clear intent on the part of Congress to allow debtors in possession, standing in the shoes of trustees, to conduct business as usual after the filing of Chapter 11, which does not encompass day-to-day input from creditors.")

  c. The "claims" asserted and argued by the Committee are barred:

---

[1] This is not a case of a committee pursuing derivative actions or claims of the estate on behalf of the estate. See generally, *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233 (5th Cir. 1988). And if it were, the Plaintiff has failed to obtain the necessary authority to prosecute.

i. The obligation to pay HOA dues (either regular payments or transfer fees as required in Garden Oaks) are "deed restrictions" or "Restrictive Covenants".

ii. The process and procedure for amending or modifying the Restrictive Covenants for any particular subdivision for the sole purpose of creating and operating a property owners' association with mandatory membership and assessments can be found in Chapter 204 of the Texas Property Code. TEX. PROP. CODE §§ 204.001 *et seq*.

iii. In order to properly amend or modify Restrictive Covenants for a subdivision, a *Petition Committee* must be formed, and the process and procedure of section 201.005 must be complied with. *Id.* at § 204.006(a)(1); § 201.005

iv. Once the process is completed, the "Petition Committee" is required to file a *Notice & Certificate Of Compliance*. *Id*. at § 201.008.

v. "The procedures called for under this chapter are considered complete and regular in all respects unless challenged by a declaratory judgment suit under Section 201.010." *Id. at* § 201.009(a)

vi. An "*owner* may file a suit for declaratory judgment in a court of competent jurisdiction: (1) to challenge the completeness or regularity of the procedures leading to the recordation of a certificate, if the suit is filed before the 181st day after the date on which the certificate is filed with the county clerk". *Id. at* § 201.010(a)(1) (emphasis added)

      vii. "The remedies in this section are exclusive of all others in actions brought to challenge a restriction extended, modified, added to, or created under this chapter." *Id*. at 201.010(d)

     viii. Each of the subdivisions in Garden Oaks (save 1) filed their Certificate on June 3, 2002. The limitations period to challenge any procedure under chapter 201 has long since passed, and are barred.

       ix. Also, any claim must be brought by an **owner**, not a committee representing unsecured creditors.

4. The Committee alleges, incorrectly, that the Debtor is barred by *res judicata* from challenging the findings of the appellate court in *Garden Oaks Maintenance Organization v. Chang*, 542 S.W.3d 117 (Tex.App.-Houston [14th Dist.] 2017).

    a. Claim preclusion (true *res judicata*) treats a judgment as the full and final measure of relief between the same parties, on the same claim or cause of action. *Kaspar Wire Works, Inc. v. Leco Engineering & Mach.*, 575 F.2d 530, 535 (5th Cir. 1978), citing *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578-79 (1974).

    b. Issue preclusion (collateral estoppels) bars the relitigation of facts or law between the same parties in a future lawsuit.

    c. The Committee was not a party to any prepetition litigation with the Debtor, therefore *res judicata* does not apply.

5. Finally, the allegation that the appellate court in *Chang* held that the Debtor has no authority or standing to continue to enforce deed restrictions is just incorrect. "[T]he trial correct erred in declaring the GOMO's bylaws have no force and effect with respect to the Changs and in declaring the GOMO has no authority or standing to pursue legal action against the Changs for

violations of any of the Subdivision's deed restrictions." *Garden Oaks Maintenance Organization v. Chang*, 542 S.W.3d at 142.

ANSWER

6. Defendant admits that this is a core proceeding, that venue is proper and consents to the entry of final judgments and orders by this court.

7. Defendant refers to the appellate opinion regarding the content of the opinion (but would note that the findings and conclusions are explicitly applicable to only one homeowner in Garden Oaks, and were not general findings available for all homeowners to rely upon), admits that deed restrictions are still currently enforced – including fees upon transfer of property – and admits the remaining factual allegations contained in paragraph 4 of the *Plaintiff's Motion For Preliminary Injunction* (the "Motion").

8. Defendant admits that a version and page of its website is attached to the Motion, admits that deed restrictions continue to be enforced post-petition, and deny the remaining factual allegations contained in paragraph 5 of the Motion.

9. Defendant refers to Docket #20 regarding the content of that motion, and denies the remaining factual allegations contained in paragraph 6 of the Motion.

10. Defendant denies that it spends $5,060.00 per month on "Professional & Services" as that amount is only the disclosed/budgeted estimate and the Committee is aware of that, admits that the "information" the Committee has that the budgeted line item is for professionals to enforce deed restriction is correct as the "information" was provided to the Committee by the Defendant prior to the filing of the Complaint, and denies the remaining factual allegations contained in paragraph 7 of the Motion.

11. Defendant denies the factual allegations contained in paragraph 8 of the Motion.

12. Paragraph 9 of the Motion does not contain factual allegations that require a response.

13. Defendant denies the factual allegations contained in paragraph 10 of the Motion.

14. Defendant denies the factual allegations contained in paragraph 11 of the Motion.

15. Defendant denies the factual allegations contained in paragraph 12 of the Motion.

16. Defendant is unable to admit or deny the clarity of thought of the Committee, and denies the remaining factual allegations contained in paragraph 13 of the Motion.

17. Defendant admits that expenditures continue to be made in the ordinary course of business post-petition, and denies the remaining factual allegations contained in paragraph 14 of the Motion.

18. Defendant denies the factual allegations contained in paragraph 15 of the Motion.

19. Defendant denies the factual allegations contained in paragraph 16 of the Motion.

20. Defendant denies the factual allegations contained in paragraph 17 of the Motion.

21. Defendant denies the factual allegations contained in paragraph 18 of the Motion.

22. Defendant admits that individual property owners within the subdivision may move to enforce deed restrictions, and denies the remaining factual allegations contained in paragraph 19 of the Motion.

## **PRAYER**

For these reasons, Defendant asks the Court to deny the Motion and to grant it such other and further relief, at law or in equity, to which the Defendant may be justly entitled.

Dated: August 2, 2018.

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
State ID# 15601700
ATTORNEY FOR DEFENDANT

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX  77208
713.956.5577
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct coy of the foregoing was served by electronic transmission to Charles Rubio by electronic transmission on August 2, 2018.

*/s/ Johnie Patterson*
Johnie Patterson